UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. MJ 15-356 |
| Plaintiff, ) | |
| v. ) | DETENTION ORDER |
| ALFONSO LEOS VILLASENOR, ) | |
| Defendant. ) | |

<u>Offense charged</u>: Possession of methamphetamine with intent to distribute (500+ gr. of substance containing).

<u>Date of Detention Hearing</u>: August 7, 2015.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

DETENTION ORDER
PAGE -1

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Because the Indictment charges a drug offense which carries a maximum penalty of 10 years or more, there is a rebuttable presumption for detention. Defendant has presented some evidence, including lack of criminal record, and existence of employment. But the presumption remains in effect, and must be considered by the court. The evidence presented by defendant does not outweigh the presumption, taken with other evidence favoring detention, as set forth below.

(2) Defendant was born in Mexico. He reports he first entered this country when he was approximately 12 years old. He has been permitted to remain in this country under the U.S. Dept. of Homeland Security's program for Deferred Action for Childhood Arrivals (DACA). The Pretrial Services Office advises that this program does not confer legal status upon an individual. It appears the deferred action is for two years, subject to renewal. The Government alleges that, in light of these pending charges, defendant will not be permitted to remain in the country. There is, in fact an immigration detainer against him.

(3) It seems very likely defendant will be deported to Mexico at the conclusion of this case, whether or not he is convicted and sentenced. If released prior to trial, he would have every incentive to return to Mexico immediately.

(4) The Pretrial Services Office has recommended detention, at least as long as the immigration detainer exists, and this court concurs.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 7th day of August, 2015.

John L. Weinberg
United States Magistrate Judge

DETENTION ORDER
PAGE -3